MEMORANDUM **
Mi Suk Yi appeals her convictions, after a jury trial, for conspiracy, in violation of 18 U.S.C. § 371; bank fraud, in violation of 18 U.S.C. § 1344(1); concealment money laundering, in violation of 18 U.S.C. § 1956(a)(l)(B)(i); and furnishing false information to the Social Security Administration, in violation of 42 U.S.C. § 408(a)(6). On appeal, Yi argues that (1) the district court violated her due process rights by not ordering, on its own motion, a hearing regarding her competency to stand trial; (2) the operative indictment was constructively amended or fatally varied by evidence presented at trial; and (3) the district court erred by denying her motion for acquittal because there was insufficient evidence to support that she had the required intent to commit the crimes of conviction. We affirm.[1]
The district court did not commit plain error by not ordering, on its own *408 motion, a competency hearing. See 18 U.S.C. § 4241(a). The record does not contain “substantial evidence of incompetence” such that a reasonable judge would be expected to experience a genuine doubt respecting Yi’s competence. See United States v. Marks, 530 F.3d 799, 814 (9th Cir.2008).
In addition, under plain error review, the operative indictment was not constructively amended or fatally varied at trial. First, Yi has not shown that “there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument,” or that “the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved.” United States v. Adamson, 291 F.3d 606, 615 (9th Cir.2002) (quotation marks omitted, modifications in original). Second, even assuming there was a variance between the indictment and the evidence presented at trial, Yi has not demonstrated that any variance prejudiced her substantial rights such that the variance could be considered fatal. See id.
Finally, the district court did not err by denying Yi’s motion for acquittal. Reviewing Yi’s claim de novo, we uphold Yi’s convictions because the government presented sufficient evidence of Yi’s intent to furnish false information to the Social Security Administration and her requisite intent to commit conspiracy, bank fraud, and concealment money laundering. See United States v. Bhagat, 436 F.3d 1140, 1148 (9th Cir.2006) (“Evidence is sufficient to support a conviction if, considering the evidence in the light most favorable to the prosecution, any reasonable juror could have found the essential elements of the offense beyond a reasonable doubt.”). On the basis of the evidence in the record, we reject Yi’s assertion that she believed the “bust-out” fraud scheme she and her husband perpetrated was a legitimate “loan program.”
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the parties are familiar widi the facts of this case, we repeat them here only as necessary to the disposition of this case.